NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5098-18T1

FRANCIS ROSS CLARK,

     Plaintiff-Appellant,

v.

DAVID NENNA, M.D.,

     Defendant-Respondent,

and

HUNTERDON MEDICAL
CENTER, HUNTERDON
CENTER FOR SURGERY,[1]

     Defendants.

_____

**APPROVED FOR PUBLICATION**

**December 29, 2020**

**APPELLATE DIVISION**

Submitted October 21, 2020 – Decided December 29, 2020

Before Judges Alvarez, Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hunterdon County, Docket No. L-0197-17.

Peter C. Gordon, attorney for appellant.

---

[1] Hunterdon Center for Surgery was improperly designated as Hunterdon Medical Center at the trial level.

Vasios, Kelly & Strollo, PA, attorneys for respondent (Maura Waters Brady, of counsel; Douglas M. Singleterry, on the brief).

The opinion of the court was delivered by

MITTERHOFF, J.A.D.

Plaintiff Francis Ross Clark appeals from a May 10, 2019 order granting defendant Dr. David Nenna's motion for summary judgment dismissing his complaint, as well as a July 12, 2019 order denying his motion for reconsideration. This case arises out of a surgical procedure defendant performed on plaintiff in 2011. The court granted defendant's summary judgment motion, finding plaintiff failed to timely provide an affidavit of merit pursuant to N.J.S.A. 2A:53A-27. As a second basis for summary judgment, the court found plaintiff failed to make a legally sufficient showing of damages. Plaintiff contends the court erred because there are genuine issues of material fact that preclude summary judgment. We affirm the dismissal in light of plaintiff's failure to establish compensable damages.

We discern the following facts from the motion record, viewed in the light most favorable to plaintiff, the non-moving party. Plaintiff, a paraplegic, broke his femur during a physical therapy session on October 28, 2010. The injury required surgery to stabilize the bone with four screws and washers. Id.

2

A-5098-18T1

Plaintiff subsequently developed discomfort while wearing a leg brace due to protrusion of the screw heads. Id.

On March 11, 2011, defendant, an orthopedic surgeon, performed surgery on plaintiff to remove the screws. Defendant made a small incision in the skin and successfully extricated the screws. The washers, however, were embedded in scar tissue that had developed around the hardware. Id. Defendant claims to have made a conscious decision to leave the washers behind, because removal would have required a larger incision resulting in greater risk of post-operative infection.[2] Id. Defendant did not document anything about the retained washers, or his decision to leave them behind, in the post-operative reports. Defendant did not discuss the potential of leaving the washers behind during pre-operative consultations, nor did he inform plaintiff of the retained washers during any of his post-operative consultations. In fact, the first time plaintiff learned of the retained washers in his leg was more than four years later on August 25, 2015, when he had x-rays performed related to other medical concerns.

Plaintiff filed his complaint on May 17, 2017, and an amended complaint naming Hunterdon Center for Surgery as a defendant on January 29, 2018. Defendant demanded an affidavit of merit in both of his answers.

___

[2] Clark suffered from a history of post-operative complications which his primary care physician advised placed him at a high risk of infection following surgery.

Plaintiff took the position that this was a common knowledge case, therefore, no affidavit of merit was required. Prior to filing the complaint, he had obtained a copy of defendant's post-operative report, and because it made no mention of the retained washers, or defendant's decision to leave them in, plaintiff believed defendant simply forgot to take them out. Under plaintiff's theory of the case, he expected all of the surgical hardware to be removed. Defendant's failure to do so was a deviation from that expectation. Therefore, plaintiff argued, no expert was needed to determine whether a deviation occurred.[3] Id.

It was only after receiving defendant's answers to interrogatories, that plaintiff learned for the first time that defendant was asserting he made a conscious decision not to remove the washers in an effort to minimize post-operative complications. Defendant was deposed on October 29, 2018. Following the deposition, plaintiff submitted an expert report prepared by Dr. Hervey Sicherman, an orthopedic surgeon. Dr. Sicherman acknowledged that, depending on the circumstances, a determination to leave hardware in a patient could be a reasonable exercise of judgment. He did not comment on whether defendant doing so was proper, given the apparently conflicting evidence in

_____

[3] Notwithstanding plaintiff's failure to serve an affidavit of merit within one hundred and twenty days of the date the answer that made the demand was filed, defendant did not promptly move to dismiss the complaint, raising the question of whether the exercise of judgment defense had been fully developed at the time.

4

the record as to whether defendant exercised his judgment in fact. Dr. Sicherman opined that defendant did deviate from accepted medical standards in failing to properly record the surgery, or inform the patient that the hardware had not been removed. Id.

Meanwhile, on August 31, 2018, Hunterdon Center for Surgery moved to dismiss the complaint based on plaintiff's failure to serve an affidavit of merit. The parties voluntarily stipulated to the dismissal of the surgical center on March 22, 2019. On March 13, 2019, defendant moved for summary judgment citing plaintiff's failure to serve an affidavit of merit. Defendant also argued plaintiff had failed to make a prima facie showing of damages. On April 26, 2019, plaintiff submitted an affidavit of merit prepared by Dr. Sicherman.

In opposition to the motion, plaintiff argued defendant was equitably estopped and barred by laches from asserting an affidavit of merit defense. In support of his claim for damages, plaintiff cited the mental anguish caused by the knowledge that a foreign object is in his body that should not be there, coupled with the knowledge that he could not undergo another surgery to

remove the retained washers.[4] Plaintiff acknowledged that he was seeking damages related only to emotional distress.

The court found: (1) the common knowledge doctrine was inapplicable, (2) plaintiff's late service of the affidavit was ineffective under N.J.S.A. 2A:53A-27; Id.; (3) defendant was not estopped or barred by laches from moving for summary judgment; and (4) plaintiff had failed to establish compensable damages. The judge granted summary judgment to defendant and later denied plaintiff's motion for reconsideration. This appeal followed.

We review an order granting summary judgment by applying the same standard as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Ibid. (quoting R. 4:46-2(c)). The trial court's legal conclusions are, as always, reviewed de novo. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 385 (2010).

The transcript of the summary judgment motion hearing suggested defendant did not actually recall any details about the surgery. Because

---

[4] Plaintiff produced a letter from his primary care physician stating the risks of surgery outweighed the benefits, and was not medically warranted.

defendant did not document his decision regarding the washers, plaintiff would have been able to attack his credibility at trial. On this appeal, however, we have not been provided with an adequate record, including the doctor's full deposition, which would enable us to evaluate whether the jury should decide whether defendant consciously exercised his judgment as he alleged, or whether, as plaintiff alleged, the common knowledge doctrine applied because defendant forgot to remove the washers. Regardless, given our conclusion that dismissal was warranted on other grounds, the issue is moot and will not be addressed.

We agree with the trial court that plaintiff failed to demonstrate compensable damages. Plaintiff concededly seeks damages only for the emotional distress he suffered as a result of the retained washers. "A claim of direct, negligent infliction of emotional distress," may be viable where the plaintiff claims damages proximately caused by a breach of a duty owed by the defendant. Lascurain v. City of Newark, 349 N.J. Super. 251, 277 (App. Div. 2002). To be compensable, a plaintiff must demonstrate he or she suffered from "severe," McDougall v. Lamm, 211 N.J. 203, 215 (2012), or "genuine and substantial" emotional distress. Lascurain, 149 N.J. Super. at 277.

"Severe emotional distress means any type of severe and disabling emotional or mental condition which may be generally recognized and

diagnosed by professionals trained to do so . . . ." Innes v. Marzano-Lesnevich, 435 N.J. Super. 198, 236 (App. Div. 2014) (alteration in original) (quoting Taylor v. Metzger, 152 N.J. 490, 515 (1998)). Medical evidence or expert testimony is required because of the potential for fabricated claims. Ibid. (citing Picogna v. Bd. of Educ. of Cherry Hill, 143 N.J. 391, 396-97 (1996)). Because the severity of emotional distress raises questions of both law and fact, a court first decides whether, as a matter of law, such emotional distress can be found. Lascurain, 349 N.J. Super at 279. If a court finds that it can, the jury then decides whether it has in fact been proven. Ibid.

"Complaints such as lack of sleep, aggravation, headaches and depression have been frequently deemed insufficient as a matter of law." Innes, 435 N.J. Super. at 237 (citing DeAngelis v. Hill, 180 N.J. 1, 20-21 (2004)). Generally, for the conduct to be actionable, "the emotional distress must be 'so severe that no reasonable [person] could be expected to endure it.'" Buckley v. Trenton Sav. Fund Soc'y, 111 N.J. 355, 366-67 (1988) (quoting Restatement (Second) of Torts § 46 cmt. j (Am. Law Inst. 1965)). Emotional distress damages cannot be based on speculation. Innes, 435 N.J. Super. at 241.

Ordinarily, medical or expert proof is required to establish emotional distress damages. Our courts have recognized two exceptions to this general

rule. The first exception applies in cases involving intentional torts such as racial or sexual discrimination. Tarr v. Ciasulli, 181 N.J. 70, 77-78 (2003). See, e.g., Zahorian v. Russell Fitt Real Estate Agency, 62 N.J. 399, 416 (1973) (awarding compensatory damages for pain and suffering inflicted upon plaintiff in denial of apartment rental because of her sex and marital status); Morris v. MacNab, 25 N.J. 271, 280 (1957) (permitting recovery for wife's "shame, humiliation, and mental anguish" caused by the defendant's fraudulent inducement into bigamous marriage); Gray v. Serruto Builders, Inc., 110 N.J. Super. 297, 315-18 (Ch. Div. 1970) (ruling that Director of Civil Rights Division has authority to award damages for emotional distress caused by racial discrimination in residential leasing).

Under this exception, "compensatory damages for emotional distress, including humiliation and indignity resulting from willful discriminatory conduct, are remedies that require a far less stringent standard of proof than that required for tort-based emotional distress cause of action." Tarr, 181 N.J. at 82. Where a tortfeasor's conduct is willful, the Court has explained "the victim may recover all natural consequences of that wrongful conduct, including emotional distress and mental anguish damages . . . ." Ibid.

The second exception to the general rule is applied to cases in which "[t]he nature of [the] particular harm mitigates against the reason for an

enhanced standard of proof in the first instance – the elimination of spurious claims." <u>Innes</u>, 435 N.J. Super. at 239. In such "special circumstances," "an especial likelihood of genuine and serious mental distress . . . serves as a guarantee that the claim is not spurious." <u>Ibid.</u> (alteration in original) (quoting <u>Strachan v. John F. Kennedy Mem. Hosp.</u>, 109 N.J. 523, 537 (1988)). These "special circumstances" have been found in cases where the plaintiff has suffered emotional distress from malicious use of process, <u>Baglini v. Lauletta</u>, 338 N.J. Super. 282, 307 (App. Div. 2001), wrongful birth arising from inadequate genetic counselling, <u>Geler v. Akawie</u>, 358 N.J. Super. 437, 457 (App. Div. 2003), and where a funeral home failed to ensure that orthodox ritual requirements were met, <u>Menorah Chapels at Millburn v. Needle</u>, 386 N.J. Super. 100, 116 (App. Div. 2006). In each of those cases, the courts found the nature of the harm would have caused any reasonable person "severe" or "genuine and substantial" emotional distress. Conversely, where the circumstances do not create such a clear objective expectation of "severe" or "genuine and substantial" emotional distress, plaintiffs are required to support their claims for damages with medical or expert proof. <u>Innes</u>, 435 N.J. Super. at 236 (quoting <u>Taylor</u>, 152 N.J. at 515).

Here, plaintiff alleges emotional distress caused by the professional negligence of a surgeon who failed to remove surgical washers from his leg.

Plaintiff does not allege that defendant's conduct was intentional or willful. Nor does the nature of plaintiff's harm present "an especial likelihood of genuine and serious mental distress." As such, plaintiff was required to support his claim for emotional distress damages, as a matter of law, with medical or expert proof. He did not do so. Accordingly, we affirm.

To the extent we have not addressed any of plaintiff's remaining arguments, we conclude that they are either moot or without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5098-18T1